**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIE D. RANDLE,

          Plaintiff - Appellant,

  v.

L. V. FRANKLIN, Correctional Officer; et al.,

          Defendants - Appellees.

No. 11-16018

D.C. No. 1:08-cv-00845-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
James A. Teilborg, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

    California state prisoner Willie D. Randle appeals pro se from the district

court's judgment following a jury trial and its order denying his motion for a new

trial in his 42 U.S.C. § 1983 action alleging excessive force.  We have jurisdiction

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review for an abuse of discretion a district court's denial of a motion for a new trial, *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728 (9th Cir. 2007), and we affirm.

The district court did not abuse its discretion in denying Randle's motion for a new trial because substantial evidence supports the jury's verdict.  *See Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001) ("Substantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence."); *see also id.* (when the jury is presented with conflicting testimony, we "must disregard evidence favorable to [plaintiff] that the jury is not required to believe" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion when it denied Randle's request to question or disqualify a juror for alleged bias because Randle did not challenge the juror for cause or adduce sufficient evidence that this juror exhibited bias during the trial.  *See Image Tech Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1220-21 (9th Cir. 1997) (explaining the trial court's broad discretion in dealing with matters of juror bias).  Randle also failed to show how the jury selection process denied him a fair and impartial jury.  *See Mu'Min v. Virginia*,

500 U.S. 415, 423-24 (1991) (explaining the trial court's broad discretion in conducting voir dire).

The district court did not abuse its discretion in declining to reopen discovery or compel defendants to produce copies of documents. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (noting the trial court's broad discretion in discovery matters).

**AFFIRMED.**